PER CURIAM.
This proceeding is before the Court pursuant to the Florida Bar Integration Rule, article XI, rule 11.09. The Florida Bar filed three complaints against respondent. The three disciplinary proceedings were consolidated for trial before a referee. The referee has filed a report finding misconduct on all three counts and recommending a public reprimand. Neither party sought review of the referee’s findings and recommendations. We therefore approve the referee’s findings of fact. Fla. Bar Integr.R., art. XI, Rule 11.09(3)(f). However, we directed the parties to file briefs directed to the question of appropriate discipline. Id.
The findings and recommendations of the referee are as follows:
II. FINDINGS OF FACT AS TO EACH ITEM OF MISCONDUCT, OF WHICH THE RESPONDENT IS CHARGED:
After considering all pleadings and evidence, pertinent portions of which are commented upon below, the undersigned referee finds the following:
AS TO CASE NO. 67,794
The Respondent failed to respond to the Request for Admissions submitted by The Florida Bar, therefore the matters therein were deemed admitted in accordance with Florida Rules of Civil Procedure, Rule 1.370. Also, Respondent did not object (T. 7). Nevertheless, the complaining witnesses, Waldo Ferreira and Rosa Blanca Ferreira testified (T. 8-28).
In summary, Mr. and Mrs. Ferreira gave Respondent One Hundred Dollars ($100.00) on or about January 16, 1985, for the purpose of obtaining permission for Mrs. Ferreira’s brother to come to the United States from Argentina. At that time, the Respondent was given certain papers, including Mrs. Ferreira’s Certificate of Naturalization. The Fer-reiras told Respondent that they needed the certificate because they planned to travel. Mr. Capiro, the Respondent, promised it would be returned the next day. The Ferreiras made numerous requests for the return of the Certificate of Naturalization, but it was not returned until the date of this hearing, to wit: April 11, 1986. Also, the matter for which Mr. Capiro was retained, was never accomplished.
AS TO CASE NO. 68,325
Mrs. Maria Villarreal retained Mr. Jose R. Capiro during or about May, 1979, because her house was flooded when a repairman broke a water pipe (T. 40-41). Mr. Capiro advised Mrs. Villarreal not to pay the rent (T. 41).
When Mrs. Villarreal received an eviction notice, Mr. Capiro told her not to worry, that nothing was going to happen to her (T. 42). On July 24, 1979, her furniture was removed from her home, as she did not comply with the eviction notice (T. 41). Mrs. Villarreal asked Mr. Capiro to sue the landlord and gave Mr. Capiro papers relevant to the case.
However, Mr. Capiro never filed suit in this case (T. 58), and it is apparent that the statute of limitations has expired. Although no retainer agreement was signed and Mr. Capiro was not paid a fee or costs (T. 45-46), he created a situation whereby Mrs. Villarreal was led to believe that he was representing her. I find that there was an attorney-client relationship between Mrs. Villarreal and Mr. Capiro.
AS TO CASE NO. 68,117
Between August 4, 1984, and April 4, 1985, Mr. Capiro was late for scheduled hearings before Immigration Judges ap *133 proximately five times and failed to appear at scheduled hearings on three occasions (T. 61-84 and Bar Ex. 5).
III. RECOMMENDATION AS TO WHETHER OR NOT RESPONDENT SHOULD BE FOUND GUILTY. The undersigned Referee recommends that Mr. Jose Capiro, the Respondent, be found guilty of violating the following Disciplinary Rules of the Code of Professional Responsibility, as indicated below:
Case No. 67,794: DR1-102(A)(6), engaging in conduct adversely reflecting on his fitness to practice law and DR6-101(A)(3), neglect of a legal matter entrusted to him.
Case No. 68,117: DR1-102(A)(6), engaging in conduct adversely reflecting on his fitness to practice law and DR6-101(A)(3), neglect of a legal matter entrusted to him.
Case No. 68,325: DR1-102(A)(6), engaging in conduct adversely reflecting on his fitness to practice law and DR6-101(A)(3), neglect of a legal matter entrusted to him.
IV RECOMMENDATION AS TO DISCIPLINARY MEASURES TO BE APPLIED. It is recommended that Jose R. Capiro, the Respondent, be given a Public Reprimand, to be published in the Southern Reporter. In addition, it is recommended that the Respondent be required to successfully complete a course in professional responsibility, from an accredited law school or pass the Multi-state Professional Responsibility Examination. This shall be accomplished no later than January 31, 1987. If the Respondent should fail to accomplish this, it is recommended that he be suspended until such time that he passes the Multi-state Professional Responsibility Examination or successfully passes a course in Professional Responsibility from an accredited law school.
V. PERSONAL HISTORY AND PAST DISCIPLINARY RECORD. On August 22, 1985, this court gave Jose R. Capiro a Public Reprimand for violating Disciplinary Rules 1-102(A)(6) and 6-101(A)(3), in Case No. 66,104 (Bar Ex. 6).
The Respondent received a law degree in Havana, Cuba during 1940 and has been an attorney for forty-five (45) years. However, he has been a member of The Florida Bar for ten (10) years (T. 83).
The Florida Bar has responded to our order directing the filing of briefs on discipline by filing a brief. Respondent has not filed a brief. Respondent was served notice of this proceeding in the manner required by the applicable rules and is on notice of our order requesting briefs.
The Bar states that although it initially did not file a petition for review because the recommended discipline was not unreasonable, it submits that a suspension from the practice of law for sixty days would be a more appropriate discipline than a public reprimand under the facts of this case.
We note that respondent has already received a public reprimand for neglecting a legal matter and conduct adversely reflecting on fitness to practice law. Accordingly, we find merit in the Bar’s suggestion that a sixty-days suspension is the appropriate discipline.
In accordance with the recommendations of the referee and our determination as to discipline, we adjudicate this proceeding as follows:
(1) The referee’s findings of guilt of professional misconduct on three counts are approved and adopted.
(2) Respondent is suspended from the practice of law for sixty days.
(3) Respondent must successfully complete a course in professional responsibility at an accredited law school, or achieve success on the Multistate Professional Responsibility examination, within one year of the date of this order.
(4) The Florida Bar’s costs in these proceedings are assessed against respondent.
Respondent is allowed thirty days from the date of this order to wind up his practice and attend to the protection of his present clients but shall accept no new business from the date of this order. *134 Judgment for costs in the amount of $1,080.00 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and ADKINS, BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.